

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4067
Re: Under the facts set forth would
the sheriff be entitled to a
fee for returning the prisoner
to the Federal jail at San An-
tonio?

Your letter of October 1, 1941, requesting an opin-
ion of this department, reads as follows:

"A sheriff has a man under indictment for
forgery and the same party is also under Fed-
eral indictment and in jail at Austin. The
sheriff secures a bench warrant from his dis-
trict judge and is required to go to San An-
tonio to secure permission from the proper
authorities before the prisoner would be re-
leased. He is required to return the prisoner
to the Federal jail, and the bench warrant also
instructs him to perform this service. The
prisoner would not be released by Federal
authorities until the sheriff had agreed to
return him after trial.

"Would the sheriff be entitled to a fee for
returning the prisoner to the Federal jail at
San Antonio?"

Article 1030, Vernon's Code of Criminal Procedure,
provides the mileage fees chargeable by the sheriff or con-
stable of fee counties when the charge is a felony and must be
looked to in answering your question. The material portions
of said article provide:

"1. For executing each warrant of arrest
or capias, or for making arrest without warrant,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

when authorized by law, the sum of one dollar; and five cents for each mile actually and necessarily traveled in going to place of arrest, and for conveying the prisoner or prisoners to jail, mileage, as provided for in subdivision 4 shall be allowed; provided, that in counties that have a population of less than forty thousand inhabitants, as shown by the preceeding Federal census, the following fees shall apply:  For executing each warrant of arrest or capias, or for making arrest without warrant, when authorized by law, three dollars and fifteen cents for each mile actually and necessarilytraveled in going to place of arrest, and for conveying prisoners to jail, mileage as provided for in subdivision 4 shall be allowed; . . . .

". . . .

"4.  For removing a prisoner, for each mile going and coming, including guards and all other expenses, when traveling by railroad, ten cents; when traveling otherwise than by railroad, fifteen cents; provided, that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional prisoner."

Without the necessity of considering the legality of the process or that portion requiring the sheriff to return the prisoner to San Antonio, it stands without reason that the sheriff when he performed the service was not traveling to San Antonio with the prisoner and returning to his county under any of the writs or processes mentioned in or under circumstances within the above provisions of the statute for which a mileage fee is authorized.

Similar provisions as set forth above are found in the preceeding Article 1029 of the statutes.  In a conference opinion addressed to you under date of December 13, 1937, this department construed Article 1029 and the foregoing provisions to authorize certain mileage fee provided therein to be charged in certain cases under a "bench warrant",

Honorable George H. Sheppard, Page 3

holding that sheriffs and constables are entitled to receive fees for executing a bench warrant, for removing prisoners from the penitentiary or county jail of another county to the district court in their own county to be tried on a felony charge. It was pointed out in that opinion, however, that in cases where the sheriff has not had the prisoner in his custody on the same charge prior to the issuance of the bench warrant, it would be necessary for him to proceed with the capias as well as with a bench warrant for the purpose of making the arrest.

Neither the capias nor bench warrant is required to be recognized by the Federal authorities who hold the person as a Federal prisoner. Since they turned over the the sheriff their prisoner, at which time it is presumed the arrest was made, he then became the prisoner of the sheriff whose duty extended no further than to convey him back to his own county jail or to bring him before the court issuing the bench warrant. In so far as the Federal authorities or the bench warrant is concerned, requiring him to return the prisoner to the Federal jail after trial on the felony charge, fees for mileage so incurred are not provided for nor within the purview of the statute.

When we look to the above subdivision 4 of the article and attempt to apply it alone to the facts, the sheriff, though armed with both a capias and bench warrant in going to the jail in Austin, was not traveling for the purpose of removing a prisoner. We cannot extend the meaning of the word "prisoner" to include Federal prisoner, one outside the reach of the processes of a State court. Under the foregoing facts, subdivision 1 is to be construed with subdivision 4, and since the sheriff in going to the jail in Austin was traveling "in going to the place of arrest", he is allowed mileage on return with his prisoner as provided in subsection 4, but not without further limitation. Such mileage fee appears by the provisions of subdivision 1 to be restricted by the language "for conveying the prisoner or prisoners to jail." The statute does not allow mileage for any farther point or terminus after making an arrest and for removing a prisoner, than the jail over which the sheriff is keeper.

Statutes prescribing fees for public officers are strictly construed and the sheriff is entitled to such fees as statutes authorize. Bigham v. State, 275 S. W. 147, judgment reversed (Com. of App.), 280 S. W. 1062.

Honorable George H. Sheppard, Page 4

It is therefore the opinion of this department that the sheriff, under the facts set forth, is not entitled to mileage fees for returning the prisoner after trial on a felony charge to the Federal jail in San Antonio.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 24, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. R. King
Assistant

WJRK:GO


APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN